```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

GARY LEE NEWELL,
      Plaintiff,

      v.                                          CIVIL ACTION NO.
                                                      14-12605-GAO

UNITED STATES OF AMERICA,
      Defendant.

MEMORANDUM AND ORDER

This matter comes before the Court on the plaintiff's (1) complaint; (2) motions for preliminary injunction and temporary restraining order with supporting affidavit; (3) motion for appointment of counsel; (4) motion to compel; and (5) application to proceed without prepayment of fees. For the reasons stated below, this action is dismissed for failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction.

I. Background

On June 17, 2014, Gary Lee Newell ("Newell"), a Massachusetts resident with a Post Office Box in Gardner, Massachusetts, filed his self-prepared complaint titled "complaint for negligence when the plaintiff does not know who is responsible." See Complaint ("Compl."). In his complaint, plaintiff alleges that "[f]or more than 20 years[,] the Plaintiff has reported the theft and tampering of his mail[, theft of his identity and tampering of his private electronic correspondence]. Id. at ¶ 2. Plaintiff describes how he unsuccessfully registered

complaints with local authorities and then, in 2010, with authorities directly in Washington. Id. He complains that his requests for relief have been ignored and that he seeks to have this Court determine the extent of any government involvement. Id. He seeks monetary relief as well as "an immediate injunction to stop all destruction of records of payouts of unclaimed, retrieved, stolen mail or property [under any variation of his name and] declared abandoned under USC Title 39." Id. at p. 2.

Along with his complaint, Newell filed (1) motions for preliminary injunction and temporary restraining order with supporting affidavit; (3) a motion for appointment of counsel; (4) a motion to compel; and (5) an application to proceed without prepayment of fees.

## II. Discussion

### A. The Application to Proceed Without Prepayment of Fees

Upon review of Newell's financial disclosures, this Court finds he lacks sufficient funds to pay the filing fee for this action. Accordingly, his Application to Proceed Without Prepayment of Fees is ALLOWED.

### B. Screening of the Complaint

When a plaintiff is permitted to proceed without prepayment of the filing fee, a summons does not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. Section 1915 authorizes federal courts to dismiss complaints sua sponte if the

claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2); Neitzke v. Williams, 490 U.S. 319, 325 (1989) Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001).

In conducting the preliminary review, the Court construes pro se pleadings liberally, to avoid inappropriately stringent rules and unnecessary dismissals, and applies a standard analogous to that used in reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6). See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Castro v. United States, 540 U.S. 375, 381 (2003). However, "a court ... will not 'conjure up unpled allegations' ... to state an actionable claim." Restucci v. Clarke, 669 F.Supp.2d 150, at 155 (D. Mass. 2009) (quoting McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979)).

To determine if the complaint states a cognizable claim, the court accepts as true the factual allegations and all reasonable inferences drawn therefrom, even if "seemingly incredible," Ocasio–Hernández v. Fortuño–Burset, 640 F.3d 1, 12 (1st Cir. 2011), and then determines whether those allegations "state a plausible, not a merely conceivable, case for relief." Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-80 (2009) and Bell

3

Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)). Evaluating the plausibility of a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense," without considering the likelihood of success on the merits. Iqbal, 556 U.S. at 679; see also Ocasio-Hernández, 640 F.3d at 12-13 (explaining limits of court's discretionary review).

Finally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). If a complaint is insufficient to support a federal question claim, the action is subject to dismissal pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."); see Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment.") (internal citation omitted).

    C.    <u>Plaintiff's Complaint is Subject to Dismissal</u>

Plaintiff's claim against the Government must be dismissed as the Government has sovereign immunity and plaintiff does not

allege exhaustion of his administrative remedies necessary to bring an action pursuant to the Federal Tort Claims Act ("FTCA").

It is well-settled that the United States can be sued only to the extent that it has waived its sovereign immunity. <u>United States v. Testan</u>, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). Under the doctrine of sovereign immunity, the United States (through its various branches and departments) enjoys immunity from suit except in those instances in which it has expressly consented to be sued. A waiver of this immunity may never be implied from the factual circumstances of the particular case. Rather, the waiver must be unequivocally expressed in each instance. <u>See</u> <u>United States v. Nordic Village, Inc.</u>, 503 U.S. 30, 33-34, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992); <u>United States v. Mitchell</u>, 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607, (1980).

The Court also appears to lack subject matter jurisdiction under 28 U.S.C. § 2680(h) which specifically protects the government from liability against "any claim arising out of ... deceit, or interference with contract rights." An act by an employee of the Postal Service who knowingly delivered mail to the wrong person or intentionally miscarried an individual's mail in furtherance of a conspiracy may qualify as "deceit" within the meaning of 28 U.S.C. § 2680(h).

The United States has waived its sovereign immunity for

certain common law torts under the FTCA, 28 U.S.C. § 1436(a), § 2671 et seq., including a waiver of immunity with respect to negligent or wrongful acts of federal employees, see McNeil v. United States, 508 U.S. 106, 111-13, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). Section 409 (a) of Title 39 of the United States Code provides that "the United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service." 39 U.S.C. § 409(a). Section 409(c) provides that "... all other provisions of Title 28 relating to tort claims shall apply to tort claims arising out of activities of the Postal Service." 39 U.S.C. § 409(c).

However, Section 2675 provides, in relevant part, that:

> [A]n action shall not be instituted upon a claim against the United States for money damages for injury ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). The failure to allege presentation is fatal to a plaintiff's complaint. See, e.g., United States v. Kubrick, 444 U.S. 111, 113 (1979) (action brought against the United States under the FTCA must be dismissed if a plaintiff has failed to file a timely administrative claim with the appropriate federal agency); accord Gonzalez-Bernal v. United States, 907 F.2d 246, 248 (1st Cir. 1990) (same).

III. <u>Motion for Appointment of Counsel</u>

The Court has considered whether the appointment of pro bono counsel is warranted at this time. Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, a civil plaintiff lacks a constitutional right to free counsel. <u>DesRosiers v. Moran</u>, 949 F.2d 15, 23 (1st Cir. 1991).

The Court has considered the requisite factors in determining whether this case warrants appointment of counsel, and finds that it does not. The Court will not appoint counsel to assist plaintiff is investigating any potential claims. The Court must balance the merits of his claim with the expenditure of scarce pro bono resources. On the balance, use of such resources is not justifiable. Thus, the motion for appointment of counsel is denied.

IV. <u>Motions for Injunctive Relief</u>

To obtain the extraordinary remedy of a preliminary injunction, a movant must show that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. <u>Voice of The Arab World v. MDTV Med. News Now, Inc.</u>, 645 F.3d 26, 32 (1st Cir. 2011); <u>Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>

v. Bishop, 839 F. Supp. 68, 70 (D. Mass. 1993) (extending four part preliminary injunction test to temporary restraining orders). To warrant the more extraordinary relief of a temporary restraining order, plaintiff must demonstrate that his injury of loss is "immediate and irreparable." Fed. R. Civ. P. 65(b). "The sine qua non of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." New Comm Wireless Servs., Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002).

Here, the Court has concluded that it lacks subject matter jurisdiction and that the complaint fails to state a claim upon which relief may be granted. The Court finds that Newell has not shown a likelihood of success on the merits of his claims against the Defendant. Thus, the Court denies Newell's motions for temporary restraining order and for preliminary injunction.

ORDER

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees is ALLOWED.

2. Plaintiff's Motions for Temporary Restraining Order and Preliminary Injunction are DENIED.

3. Plaintiff's Motion for Appointment of Counsel is DENIED.

4. This action is dismissed pursuant to Rule 12(h)(3) for lack of subject matter jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon

which relief may be granted.

SO ORDERED.

June 26, 2014                                    /s/ George A. O'Toole, Jr.
DATE                                             UNITED STATES DISTRICT JUDGE